

FILED

JUL 19 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN HOLM,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 16-100-M-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pending before the Court are Respondents' Motion to Dismiss Holm's third, fourth, and fifth claims for relief and brief in support, (Docs. 28 & 29), and Petitioner's Motion to Amend the Petition, filed *pro se* by Holm. (Doc. 42.) In his motion, Holm requests to add an additional claim addressing his perceived bias within the Montana Parole Board and seeks this Court's intervention. (Doc. 42.)

## I.  Background

Holm challenges a conviction for vehicular homicide while under the influence imposed in Missoula County, Montana, on September 12, 2011. He was sentenced to serve thirty years in prison with 15 of those years suspended. Pet. (Doc. 1) at 2-3 ¶¶ 1-4.

Holm timely filed a direct appeal. *See, State v. Holm*, 2103 MT 58, 369 Mont. 227, 304 P. 3d 365 (Mont. March 5, 2013). There Holm raised two issues.

1

First he asserted the trial court abused its discretion when it found Holm's attorney provided effective assistance. *Holm*, 2013 MT 58, ¶ 3. Second, he argued that the trial court abused its discretion by failing to grant Holm a continuance eight days before trial. *Id.* at ¶ 4. The Montana Supreme Court held that because Holm's complaints about defense counsel's trial strategy were not seemingly substantial, an additional hearing on the complaints was not necessary, and the trial court did not abuse its discretion. *Id.* at ¶ 25. Additionally, the Court held that a review of the record established that Holm had not made a diligent effort to retain substitute counsel and, therefore, the trial court did not abuse its discretion by failing to continue the jury trial. *Id.* at ¶ 37.

Holm filed a postconviction petition in the state district court. (Doc. 20-1 at 17-58.) The State filed a response to Holm's petition, supported by affidavits from Holm's trial counsel, Scott Spencer, and appellate counsel, Richard Buley. *Id.* at 175-231. Holm filed a reply and affidavit in support. *Id.* at 59-174. In his filings, Holm asserted 35 grounds for relief alleging ineffective assistance of both trial counsel and appellate counsel. On August 14, 2015, in a reasoned opinion, the district court dismissed Holm's petition in its entirety. *Id.* at 232-255. Holm did not appeal the dismissal.

On August 8, 2016, Holm filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 17, 2016, this Court issued an Order to

Show Cause directing Holm to explain why his petition should not be dismissed with prejudice as time-barred and/or procedurally defaulted. (Doc. 4.) Based upon Holm's response to the Order, he was then directed to provide additional information related to his medical issues, the purported denial of access to his legal materials, and the steps he had taken to diligently seek relief. (Doc. 9.) Following Holm's response, the Court determined that it was in the interest of justice to appoint Holm counsel. Specifically, the Court was concerned about Holm's ongoing medical issues and the potential application of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to establish cause to excuse the procedural default of Holm's ineffective assistance of counsel claims. (Doc. 11.) Counsel filed an Amended Petition on Holm's behalf. (Doc. 20.)

## II. Holm's Motion to Amend

Because Holm is represented by counsel, this Court will not accept Holm's pro se filings or consider granting Holm's requested relief. Only counsel may submit filings on Holm's behalf. *See United States v. Mujahid*, 799 F. 3d 1228, 1236 (9th Cir. 2015); *McCollough v. Graber*, 726 F. 3d 1057, 1059, n. 1 (9th Cir. 2013). Holm's motion to amend his petition (Doc. 42) is denied.

## III. Respondents' Motion to Dismiss

Respondents seek dismissal of Holm's third, fourth, and fifth claims for relief. (Doc. 29). The argument turns upon the applicability of *Martinez v. Ryan*,

3

132 S. Ct. 1309 (2012), to these three claims.

A petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a postconviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752. *Martinez* established a limited exception to this general rule, an exception that applies only to Sixth Amendment ineffective assistance of counsel claims. *Martinez* held that inadequate assistance of postconviction review counsel or lack of counsel at initial-review collateral proceedings "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.

As set forth below, the motion should be granted. Holm's third and fifth claims should be dismissed because the case upon which they relied has been overruled. Holm's fourth claim should be dismissed because *Martinez* does not excuse his default.[1]

i. **Claims 3 and 5**

Holm's third claim alleges the trial court violated his right to be represented

---

[1] Holm's first and second claims will be addressed in a subsequent Order and/or Findings and Recommendations.

4

by an attorney of his choosing (Doc. 20 at 20-23), and Holm's fifth claim alleges appellate counsel provided ineffective assistance for failing to raise the counsel of his own choosing issue on direct appeal. *Id.* at 26-28. Holm acknowledges that when he filed his amended petition, relative to these two claims, he relied upon *Nguyen v. Curry*, 736 F. 3d 1287 (9th Cir. 2013). In *Nguyen*, the Court addressed the question of whether ineffective assistance of state postconviction counsel could constitute cause, under *Martinez*, to overcome the procedural default of a claim of ineffective assistance of direct appeal counsel. The Circuit extended the rationale of *Martinez* to procedurally defaulted claims of ineffective assistance of appellate counsel. *Nguyen*, 736 F. 3d at 1293-96.

Subsequently, the United States Supreme Court abrogated *Nguyen's* holding when it determined that *Martinez* does not apply to procedurally defaulted claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). Holm concedes, based upon *Davila*, that his third and fifth claims are now procedurally defaulted, without cause to excuse the default. (Doc. 37 at 3-4.) Accordingly, Claims 3 and 5 should be dismissed.

    **ii.    Claim 4**

In his fourth claim, Holm alleges trial counsel committed various errors that violated his right to effective assistance of counsel. (Doc. 20 at 23-26.) Holm acknowledges that all of the claims he seeks to raise before this Court were

contained in his pro se petition for postconviction relief. (Doc. 37 at 4.) Because Holm did not appeal the dismissal of his petition to the Montana Supreme Court, at this juncture, the claims are now defaulted.

Respondents contend Holm has not argued or demonstrated cause or prejudice to excuse the default and accordingly, requests dismissal of the claim. (Doc. 29 at 11; *see also,* Doc. 41.) Specifically, Respondents argue Holm's claims should fail under *Martinez,* because they are not substantial.[2] But substantiality is not the crux of the issue or the reason Claim 4 should be dismissed. As set forth above, *Martinez* carved out a narrow exception that applies only to original post-conviction actions, not postconviction appeals. All of the ineffective assistance of counsel claims that Holm seeks to raise before this Court were presented in some iteration in his postconviction petition, but Holm did not appeal the dismissal of his petition. Thus, *Martinez* is inapplicable and cannot serve to excuse Holm's default. Accordingly, Claim 4 should also be dismissed.

Based on the foregoing, the Court enters the following:

---

[2] Under the four-prong analysis of *Martinez,* a petitioner must establish: (1) the claim of ineffective assistance of trial counsel must be a "substantial" claim; (2) the "cause consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding where the ineffective assistance of trial counsel claim could be brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way rather than on direct appeal. *Trevino v. Thaler,* 133 S. Ct. 1911, 1918, 1921 (2013). In their briefing, both Respondents and Petitioner focus on the first prong of this test.

6

## ORDER

Holm's pro se Motion to Amend (Doc. 42) is DENIED.

## RECOMMENDATION

Claims 3, 4, and 5 of Holm's Amended Petition (Doc. 1) should be DISMISSED with prejudice as procedurally defaulted. Claims 1 and 2 will be addressed in a subsequent order of this Court.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Holm may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 19th day of July, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge