IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

BRIAN HOLM,

    Plaintiff,

vs.

LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,

    Defendant.

CV 16–100–M–DLC–JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch entered his Order and Findings and Recommendation in this case on July 7, 2018, recommending that Claims 3, 4, and 5 of Holm's amended petition be dismissed with prejudice as procedurally defaulted. (Doc. 43 at 7.) Through counsel, Holm timely filed an objection as to Claim 4. (Doc. 46.) Consequently, Holm is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a

-1-

mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Holm objects to Judge Lynch's recommendation that Claim 4 of his amended petition be dismissed as procedurally defaulted. Holm's fourth habeas claim is for ineffective assistance of trial counsel. (Doc. 20 at 23–26.) Judge Lynch recommended dismissal because Holm did not appeal to the state appellate court after the state trial court dismissed his petition for post-conviction relief. Holm objects, arguing that "the Ninth Circuit has not yet determined whether the *Martinez* exception should apply to issues defaulted on appeal from the denial of post-conviction relief." (Doc. 46 at 4.)

Reviewing de novo, the Court concludes that Judge Lynch's recommendation is consistent with *Martinez v. Ryan*, which expressly "does not concern attorney errors in other kids of proceedings, including appeals from initial-review collateral proceedings." 566 U.S. 1, 16 (2012); *see also Davila v. Davis.* 137 S. Ct. 2058, 2066 (2017) ("Applying *Martinez*'s highly circumscribed, equitable exception to new categories of procedurally defaulted claims would do precisely what this Court disclaimed in *Martinez*: Replace the rule of *Coleman* with the exception of *Martinez*."). Accordingly, the Court cannot look past Holm's

failure to appeal the dismissal of his petition for post-conviction relief. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

Reviewing the remaining portions of Judge Lynch's Findings and Recommendations for clear error and finding none,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 43) are ADOPTED. Claims 3, 4, and 5 of Holm's Amended Petition (Doc. 1) are DISMISSED WITH PREJUDICE as procedurally defaulted.

DATED this 5th day of October, 2018.

Dana L. Christensen, Chief Judge
United States District Court