IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN HOLM,<br><br>      Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>      Respondents. | Cause No. CV 16-100-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Holm's amended petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Holm is represented by Assistant Federal Defender David F. Ness. Assistant Attorney General Micheal Wellenstein represents Respondents ("the State").

## I. Background

Holm was convicted of vehicular homicide while under the influence, a violation of Mont. Code Ann. § 45-5-106 (2009). He is currently serving a sentence of thirty years in prison with 15 of those years suspended. *See* Judgment (Doc. 33-12) at 2, *State v. Holm*, No. DC-32-2010-520-IN (Mont. 4th Jud. Dist. Court Sept. 29, 2011).

1

## II.  Claims 1 and 2

Holm's amended federal petition alleges that the Montana Supreme Court unreasonably affirmed the denial of Holm's motion for a continuance of trial to allow new counsel of his own choosing to represent him.  The aspect of his claim regarding his Sixth Amendment right to counsel of his choice, however, was dismissed with prejudice as procedurally defaulted without excuse.  *See* Order (Doc. 48) at 3.  His claims alleging that trial and appellate counsel were ineffective in various respects were dismissed on the same basis.  *See* Order (Doc. 48) at 3 (dismissing Claims 3, 4, and 5).

Holm's two remaining claims allege that the trial court did not adequately explore why Holm wanted new counsel to represent him, *see* Am. Pet. (Doc. 20) at 13 ("Claim 1"), and that it should have granted a continuance to allow new counsel to prepare and appear, *see id*. at 17–18 ("Claim 2").  The Montana Supreme Court decided both issues on the merits of the questions presented rather than on procedural grounds.  *See State v. Holm*, 304 P.3d 365, 368–71 ¶¶ 17–37 (Mont. 20113).  Although the court's decision significantly raises the bar Holm must meet to obtain relief, applying 28 U.S.C. § 2254(d) introduces layers of deference that, in this case, only cloud the analysis.[1]  It is more efficient to decide Claims 1 and 2

---

[1] For instance, both parties discuss *Martel v. Clair*, 565 U.S. 648 (2012).  *Clair* interprets

2

*de novo*, based simply on the record created in the trial court. *See, e.g.*, *Smith v. Ryan*, 823 F.3d 1270, 1280 n.6 (9th Cir. 2016); *Frantz v. Hazey*, 533 F.3d 724, 739 (9th Cir. 2008) (en banc) (even if petitioner meets criteria of 28 U.S.C. § 2254(d)(1) and/or (2), he must still show entitlement to relief on *de novo* review). By addressing the claims *de novo*, the Court does not mean to suggest Holm could overcome the hurdles posed by 28 U.S.C. § 2254(d)(1) or (2). *See also* 28 U.S.C. § 2254(e); *Murray v. Schriro*, 745 F.3d 984, 998–1001 (9th Cir. 2014).

The roots of these claims lie in a hearing held on Tuesday, July 26, 2011, when a new-counsel candidate, Rich Buley, appeared with Holm. At that point, trial was set to begin on Wednesday, August 3, 2011. Charges had been filed in November 2010, and a previous trial date, April 13, 2011, was continued. *See* Answer Ex. 3 (Doc. 33-2) (Minutes and Note of Ruling at 1–2). Holm's appointed counsel, Scott Spencer, filed a motion on July 8, 2011, seeking to continue trial due to Holm's medical problems, but the motion was withdrawn after the trial court indicated it would likely be denied, on or shortly after July 19. *See* Hr'g Tr. at 17:11–17 (Doc. 33-5 at 5). Buley appeared about a week after that.

---

a federal statute, 18 U.S.C. § 3599. There is no reason to suppose its discussion of the statute, *see* 565 U.S. at 657–62, establishes law that is binding on the States. Nor is it clear that a "peculiarly context-specific inquiry," *id*. at 663, could "clearly establish[] Federal law," 28 U.S.C. § 2254(d)(1), or even indicate what might be "an unreasonable determination of the facts in light of the evidence presented," *id*. § 2254(d)(2). Claims 1 and 2 are too insubstantial to justify a more thorough consideration of this question.

3

Buley's first comment was, "Judge, you're probably wondering why I'm here." He explained he was willing to represent Holm but "can't possibly do it with the trial coming up next Thursday," because "there's no way to adequately prepare the case." He asked for a continuance to allow him to prepare and represent Holm at trial. *See* Hr'g Tr. at 5:6–21 (Doc. 33-5 at 2). The prosecutor and the trial court "share[d] . . . concerns" that Buley's belated appearance indicated Holm was engaging in "a clear stall tactic." *Id.* at 6:5–22. Spencer told the trial court he was "prepared to try the case in the manner I feel is appropriate." *See id.* at 7:1–4. The trial court said, "[I]f you decide that you want to step on board, you can do that, Mr. Buley. But I'm not going to grant any kind of a continuance. We're going to trial next Wednesday." *Id.* at 7:11–14.

The trial court reasonably viewed Buley's quasi-appearance as a manifestation of Holm's desire for delay. "In the face of the unequivocal and uncontradicted statement by a responsible officer of the court that he was fully prepared and 'ready' for trial, it was far from an abuse of discretion to deny a continuance." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). The court's decision was reasonable.

Further, Holm was present in person. *See* Hr'g Tr. at 4 (Doc. 33-5 at 1). Yet neither Holm nor Buley said a word about a breakdown in communications

4

between Holm and Spencer. The only issue presented to the trial court was Buley's request for a continuance so that he could purportedly develop a new defense. The trial court ruled on that request by allowing Buley to represent Holm but denying a continuance. It had no occasion and no obligation to solicit from Holm or from Buley facts suggesting a breakdown in communications between Holm and Spencer.

Then, on Tuesday, August 2, 2011—with trial still set for August 3—the trial court convened a hearing on Holm's *pro se* motion for a continuance and new counsel. The copy of the motion available to this Court is not signed, but a date line indicates it was sent to the trial court on or after Friday, July 29, 2011. (It is possible the trial court received the motion on August 2, *see* Hr'g Tr. at 11:12 (Doc. 33-5 at 3), but the precise date is not important.) The motion stated, evidently for the first time, that Spencer and Holm had "irreconcilable differences and conflicts that have led to a total breakdown in communications," *Pro Se* Mot. (Doc. 33-4) at 2, but it also stated "I have been extremely unhappy with Mr. Spencer for a long time," *id*. at 6. Holm also claimed Spencer was "a witness in the case" and accused him of having a conflict of interest[2] based on his friendship

---

[2] The allegation is obtuse. *See Pro Se* Mot. at 5. A plaintiff's attorney representing the victim's widow would have little to no power over Holm's sentence. Neither Holm's attorney nor anyone else was required to believe Holm's version of the facts consisted solely of true and

with an attorney representing the victim's widow against the bar and bartender who served Holm alcohol before the crash. *See id.* at 5.

Responding to the motion, Spencer said, "I am prepared to go to trial. But, based on this motion, I fear that there would not be my ability to represent him adequately because of the distrust and the issues claimed by Mr. Holm." Hr'g Tr. at 16:1–4 (Doc. 33-5 at 4). Near the end of the trial court's discussion of the motion, Spencer reiterated his concern, and the trial court responded to him:

> Spencer: Your Honor, first off, I just want to make sure, on the record, I did express that I believe because of this motion there's probably a breakdown between attorney and client. And I know that was addressed earlier, but I want to reiterate that.
>
> The Court: Well, I understand that there's been a breakdown but I think this breakdown has been engineered by Mr. Holm as a device to—
>
> Holm: No.
>
> The Court: —stall this trial and to create issues for appeal. And I'm not going to let him do it.

Hr'g Tr. at 25:15–26:1 (Doc. 33-5 at 7).

Trial commenced as scheduled on August 3.

---

correct facts. If the widow's attorney offered to recommend a lenient sentence under certain circumstances, Spencer had to tell Holm about it. At any rate, no competent defense attorney would have permitted Holm to testify at all about the crash at least until the conclusion of the criminal case, and Holm does not suggest he did testify before the criminal trial. The alleged conflict of interest requires no further discussion.

6

Again, the trial court reasonably found that Holm only realized there was a breakdown in communications when he realized trial was definitely going forward on August 3. Some jurists might have decided to continue the trial, but others would not.

Reviewing Holm's claims in light of the record of these hearings, this Court perceives no support for a claimed constitutional violation, whether it involves an aspect of the Sixth Amendment right to counsel or a vaguer aspect of the Fourteenth Amendment right to due process. Holm has not identified any important fact or factor that the trial court failed or refused to consider. He has not identified anything he was prevented from bringing to the trial court's attention. He simply disagrees with the trial court's finding that a continuance was unwarranted. Mere disagreement about what facts are true or what the facts mean is not the stuff of a constitutional violation. Claims 1 and 2 should be denied.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Claims 1 and 2 do not make a showing of any substance that Holm was deprived of a constitutional right. He was charged in November 2010, the first trial date was set for April and was continued. Holm's first request for new counsel was made eight days before the August 3 trial setting, and his first claim of a breakdown in communications with his counsel was made, at most, five days before trial. All reasonable jurists would agree that any reasonable jurist might find Holm's requests were made too late to justify a continuance. A COA is not warranted on these claims.

Claims 3, 4, and 5 were dismissed with prejudice as procedurally defaulted. Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012), (quoting *Slack*, 529 U.S. at 484).

Claims 3 and 5 arguably make a substantial showing that Holm was deprived of a constitutional right, but the procedural ruling is dictated by *Davila v.*

8

*Davis*, __ U.S. __, 137 S. Ct. 2058, (2017). A COA is not warranted on these claims.

Claim 4 alleged several instances in which trial counsel was ineffective. Again, this claim arguably makes a substantial showing that Holm was deprived of a constitutional right. Holm raised these claims in the petition for postconviction relief he filed in the trial court, but he failed to appeal the trial court's dismissal of them. The procedural ruling is dictated by *Martinez v. Ryan*, 566 U.S. 1, 16 (2012).

Holm presents no open questions and nothing on which reasonable jurists could disagree. The law underlying disposition of his claims is well-established. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Claims 1 and 2 should be DENIED for lack of merit.

2. All claims having been decided, the Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT

## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 7th day of June, 2019.

                                                */s/ Jeremiah C. Lynch*
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.