IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

OCT 09 2019

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| BRIAN HOLM,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | CV 16–100–M–DLC–JCL<br><br>ORDER |

On October 5, 2018, this Court entered an Order adopting United States Magistrate Judge Jeremiah C. Lynch's recommendation to dismiss Claims 3, 4, and 5 of Holm's amended habeas petition. (Doc. 48.) Judge Lynch entered his Findings and Recommendation regarding Holm's surviving claims on June 6, 2019, recommending that Claims 1 and 2 of the amended petition be denied for lack of merit. (Doc. 49 at 9.) Through counsel, Holm timely filed objections. (Doc. 53.) Respondents also object. (Doc. 52.) Consequently, the parties are entitled to de novo review of those findings and recommendations to which they have specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-*

-1-

*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Holm alleges that he is entitled to relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). His petition may be granted only if the operative state court decision—in this instance, the opinion of the Montana Supreme Court in *Montana v. Holm*, 304 P.3d 365 (Mont. 2013)—either: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Holm alleges that two of the Montana Supreme Court's decisions meet this high standard, challenging that Court's affirmance of the state trial court's (1) denial of Holm's request for new counsel, and (2) denial of his request for a continuance. (Doc. 20 at 13, 17–18.)

Judge Lynch recommended denying Claims 1 and 2 for lack of merit. (Doc. 49.) Holm objects as to both claims. Although Judge Lynch recommended granting relief to Respondents, they nonetheless object to the reasoning set forth in

the Findings and Recommendation, arguing that Judge Lynch ought to have applied AEDPA deference instead of looking strictly to the record created in the state trial court. Given the breadth of the parties' objections—to both the standard applied and Judge Lynch's analysis—the Court reviews Holm's entitlement to habeas relief de novo.

## FACTUAL BACKGROUND

On the night of November 9, 2010, Holm drove his northbound vehicle across the southbound lane of Missoula's Brooks Street and onto the sidewalk, where his vehicle struck and killed pedestrian Brian Beaver. *Holm*, 304 P.3d at 367. Responding officers found evidence of Holm's consumption of alcohol, Ambien, hydrocodone, and a prescription antidepressant. *Id.* At the time, Holm said that he did not remember the accident. *Id.*

Public defender Scott Spencer was assigned to the case. *Id.* at 368. Trial was initially set for April 13, 2011, but the trial court granted Holm's first motion to continue and reset the start date for August 3, 2011. *Id.* On July 8, Holm moved again to continue trial, citing medical issues, but he withdrew the motion on July 19. *Id.* On July 26—just one week later and only eight days before trial— Holm appeared in court with both Spencer and a new attorney, Richard Buley, and requested another continuance to allow Buley to prepare. *Id.*

The trial court denied Holm's third continuance request, noting his belief that Holm was strategically seeking delay. *Id.* Three days later—now five days before trial—Holm filed a pro se motion for appointment of different counsel and a fourth motion for a continuance. *Id.* Holm argued that Spencer's representation was ineffective. *Id.* After a hearing, the Court denied both motions, finding that Spencer was providing adequate representation and that Holm did not seek a continuance in good faith but only to delay trial. *Id.*

A jury convicted Holm of vehicular homicide under the influence on August 5, 2011. (Doc. 27-9.) He was sentenced to 30 years custody with fifteen years suspended. (Doc. 27-12.)

## DISCUSSION

The parties agree that the Court must give deference to the Montana Supreme Court under AEDPA and may grant Holm's petition only if that Court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Applying AEDPA deference, the Court finds that neither claim 1 nor 2 of the Amended Petition may survive.

## I. Claim 1: Substitution of Counsel

Holm claims that the Montana Supreme Court unreasonably interpreted the facts and misapplied United States Supreme Court law when it held that the trial court conducted an adequate colloquy as to Holm's request for counsel. (Doc. 20 at 13.) He argues that the United States Supreme Court has clearly established a right to an attorney who "function[s] in the active role of an advocate" and that the Montana Supreme Court unreasonably determined that the trial court sufficiently safeguarded that right. *Entsiminger v. Iowa*, 386 U.S. 748 (1967). (*See id.* at 13–17.)

The Court assumes for the sake of argument that United States Supreme Court law clearly establishes that a state trial court must fully investigate a defendant's dissatisfaction with court-appointed counsel. *See Martel v. Clair*, 565 U.S. 648 (2012) (setting forth standard for federal habeas petitioners' motions to substitute counsel). Even under this standard, however, Holm's claim fails.

The Montana Supreme Court held that the trial court "made an adequate inquiry into [Holm's] claims" regarding Spencer's allegedly ineffective assistance. *Holm*, 304 P.3d at 369. Citing to the state court record, it noted that "[t]he court repeated Holm's concerns to Spencer and asked Spencer to respond." *Id.* The Court concluded that, in light of the testimony presented at the hearing, the district

court did not unreasonably "determin[e] that Holm's complaints about Spencer's trial strategy were not seemingly substantial and that an additional hearing was unnecessary." *Id.* at 370. The Court debunked Holm's claims regarding Spencer's alleged inadequacy, noting, for example, that Spencer did not ineffectively fail to subpoena fact witnesses when the state had already subpoenaed those same witnesses. *Id.* at 369–70.

The Montana Supreme Court did not misapply or contradict law established by the United States Supreme Court, and its decision finds adequate support in the record. Thus, the Court agrees with Judge Lynch that Claim 1 should be denied.

## II.     Claim 2: Continuance Request

Holm next argues that the Montana Supreme Court unreasonably interpreted the facts and misapplied United States Supreme Court law when it held that the trial court did not err in denying Holm's request for a continuance to retain private counsel. (Doc. 20 at 17–18.) He contends that the trial judge "insiste[d] upon expeditiousness in the face of a justifiable request for delay," violating his Sixth Amendment right to counsel. *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). (*See id.* at 17–20.)

The Montana Supreme Court found that the district court did not err in concluding that Holm had not, in fact, presented a justifiable request for a delay.

-6-

Its decision is neither in conflict with United States Supreme Court law nor contradicted by the record before it. The Montana Supreme Court reasoned: (1) that Holm's explanation for his newly discovered need for new counsel—a delay in learning of the time of his post-accident blood draw—was unreasonable; (2) that Holm had previously moved, both successfully and unsuccessfully, for continuances; and (3) that Holm had more than adequate time to seek new counsel prior to his final continuance request. The Court cannot agree with Holm that the Montana Supreme Court endorsed the trial court's "myopic insistence upon expeditiousness in the face of a justifiable request for delay." *Ungar*, 376 U.S. at 589. Rather, that Court properly recognized the rights implicated by Holm's request and, looking to the record before it, determined that the trial court's denial of a last-minute continuance did not violate those rights.

The Court therefore agrees with Judge Lynch that Claim 2 should be denied for lack of merit. Section 2254(d)'s high threshold for habeas relief is unmet.

Finally, Holm argues that he is "[a]t the very least" entitled to a certificate of appealability. (Doc. 53 at 11.) The Court disagrees. As explained above, § 2254(d) squarely covers Holm's claims; applying the appropriate standard, the Court finds that Holm has not "made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "[J]urists of reason could [not]

disagree with the . . . resolution of [Holm's] constitutional claims" when those claims are reviewed with the deference owed to the Montana Supreme Court.

Reviewing the remaining portions of Judge Lynch's Findings and Recommendation for clear error and finding none,

IT IS ORDERED:

(1) Judge Lynch's Findings and Recommendation (Doc. 49) is ADOPTED IN FULL;

(2) Claims 1 and 2 are DENIED for lack of merit;

(3) Because all claims have been decided, the Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner; and

(4) A certificate of appealability is DENIED.

DATED this 8th day of October, 2019.

Dana L. Christensen, Chief Judge
United States District Court